UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MYRON GRACE, *et al.*, | ) | CASE NO. 1:12 CV 2044 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| K AND D GROUP, LLC., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Myron Grace filed this action against K and D Group, LLC ("K and D") on behalf of himself, his girlfriend Rakhshanda Talib, minor child J.T., minor child B.T., and Starlight Midwest Entertainment. In the Complaint, Plaintiff alleges he and Talib were wrongfully evicted from their apartment in Euclid, Ohio. He seeks return of his first and last month rental security deposit and monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## Background

Plaintiff and Talib rented a residential unit at the North Point Apartments in Euclid, Ohio. Plaintiff alleges that on April 17, 2012, a North Point Security Officer came to their door and instructed them to cease all phone calls, office visits and other contact with the accounting manager

at the apartment complex. Plaintiff indicates he owed rent money to K and D for the month of April and telephoned the property manager to arrange for a late rent payment. He indicates he did not receive a response but placed a money order for $ 700.00 in the rent drop box on April 24, 2012, the same day K and D filed an eviction action in the Euclid Municipal Court. *See K&D Management LLC v. Grace*, No. 12CVG01204 (Euclid Mun. Ct. filed April 24, 2012).[1] K and D held the $700 payment until May 5, 2012 when Plaintiff paid an additional $ 1,135.00 "as full payment, court costs for April 2012, late fees for April 2012, and full payment of rent for the month of May 2012." He alleges the Defendants "purposely attempted to mislead the court and gave false information in order to attempt to make a false claim to the court that April 2012 rent had not been paid in full and that no agreement had been made to pay the rent with the North Point Apartments Property Manager." (ECF No. 5 at 2.) The eviction was dismissed on May 10, 2012.

Plaintiff did not make a timely rent payment in June 2012 and K and D filed another eviction action against Plaintiff on June 21, 2012. Plaintiff states he and Talib had an agreement with the K and D business office to pay rent on June 8, 2012. Plaintiff left a message at the office on June 9, 2012 telling them he was ill and would pay the rent on the following Friday, June 15, 2012. He claims rent at North Point Apartments is not considered late until the 5th of each month. Plaintiff states he submitted the rent and the late fee on June 13, 2012 but the Defendant refused to accept it, and informed Plaintiff that an eviction action had already been filed. Plaintiff alleges that the eviction was not filed until June 21, 2012. *See K&D Management LLC v. Grace*, No. 12CVG01816 (Euclid Mun. Ct. filed June 21, 2012). Judgment was granted in favor of K and D

---

[1] Euclid Municipal Court dockets can be viewed at: http://www.cityofeuclid.com/community/court .

-2-

on July 24, 2012. Plaintiff vacated the premises by August 1, 2012.

Plaintiff asserts three claims for relief. First, he asserts the Defendants violated Ohio Revised Code § 5321.02 prohibiting retaliatory actions by landlords. (ECF No. 1 at 4.) Plaintiff also asserts that the Defendant violated Executive Order 11063 which prohibits discrimination in the sale, leasing, rental or disposition of property. Plaintiff claims Defendant violated this Executive Order by refusing to accept a late rent payment in June. He also asserts a claim under the Fair Housing Act, claiming the Defendants engaged in "illegal rent increases and threat of force against American citizens as these are acts against their Constitutional rights of liberty and pursuit of happiness." (ECF No. 5 at 4).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

As an initial matter, the claims of Rakhshanda Talib, J.T. (a 12 year-old minor child), B.T. (a 7 year-old minor child), and Starlight Midwest Entertainment are not properly before this Court. None of the Plaintiffs signed the Complaint. Grace, alone, signed the Application to Proceed *In Forma Pauperis* and the Memorandum of Opposition for Dismissal, which the Court liberally construes as an Amended Pleading.

In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[3] An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to

---

[3] 28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct

invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). None of the documents contain Talib's signature. Her claims are therefore not properly before this Court.

Two of the Plaintiffs are minor children. A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990). There is no suggestion in the pleading that Grace is an attorney authorized to represent others in this Court. He therefore cannot represent J.T. or B.T. in this action.

Starlight Midwest Entertainment appears to be a business entity. Corporations and non-incorporated business organizations are artificial entities which exist only as legal fiction and can act only through their authorized agents. *Eagle Associates*, 926 F.2d at 1310. Consequently, Starlight Midwest Entertainment cannot appear *pro se* in litigation and is required to appear in court through an attorney. *Paris v. Herman*, No. 99-5338, 2000 WL 571932 at *2 (6th Cir. May 3, 2000); *Eagle*, 926 F.2d at 1310. Because Plaintiff is not licensed attorney, he cannot represent Starlight Midwest Entertainment. Consequently, the only claims properly before this Court are those asserted by the Plaintiff.

Although Plaintiff is arguably a proper party, he cannot file an action in federal court to re-litigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.

---

> their own cases personally or by counsel as by the rules of such
> courts, respectively, are permitted to manage and conduct cases
> therein.

28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*465 U.S. 75, 81 (1984).

The Euclid Municipal Court granted judgment in favor of the Defendant in the eviction action based on nonpayment of rent. Plaintiff alleges that the court granted judgment in the Defendant's favor and he was evicted from the apartment. This Court must look to Ohio's law of preclusion to determine if this judgments bars Plaintiff from proceeding with this action.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "re-litigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

Here, both the doctrine of claim preclusion and issue preclusion bar re-litigation of the claims Plaintiff asserts in this Complaint. The parties in this action are the same as the parties in the eviction action. The claims in this Complaint concern whether the Defendant should have accepted the rent tendered late in June rather than holding the checks and filing an eviction action.

6

This was also the subject matter of state court eviction action. Plaintiff's claims therefore could have been and should have been litigated in that action. Moreover, the state courts already decided that the Defendant's action in refusing to accept the checks was proper, and judgment was issued in favor of the Defendant. This Court must give full faith and credit to that judgment. Plaintiff is barred from relitigating those matters in this Court.

Even if Plaintiff's claims were not barred by the doctrine of *res judicata*, his claims would be dismissed. He contends the Defendant violated Executive Order 11063 by refusing to accept his late rental payment in June. Executive Order 11063 was signed by President John F. Kennedy on November 20, 1962 and prohibited "discrimination in the sale, leasing, rental, or other disposition of properties and facilities owned or operated by the federal government or provided with federal funds." Exec. Order No. 11063, 3 CFR 652 (1959 - 1963). It banned segregation in federally funded housing. There are no allegations of discrimination in Plaintiff's Complaint. He alleges only that the Defendant refused to take a late rent payment and proceeded with an eviction action. This alone is not a discriminatory act.

Moreover, Executive Order 11063 simply reiterates HUD's duty to ensure that its housing and urban development programs provide minorities with the full enjoyment of equal housing opportunities. *Jaimes v. Toledo Metropolitan Housing Authority,* 758 F.2d 1086, 1099 (C.A.6 (Ohio),1985); *Thomas*, 2005 WL 2387676, at *11. K and D is clearly not part of the federal government and Plaintiff fails to demonstrate that it is receiving federal funds to operate its facility. Plaintiff does not indicate how this Executive Order gives rise to a cause of action against a private defendant.

Plaintiff also asserts that the Defendant violated the Fair Housing Act, claiming the

7

Defendant engaged in "illegal rent increases and threat of force against American citizens." The Complaint contains no allegations of rent increases, whether legal or illegal, and no allegations of threats by the Defendant against the Plaintiff. Furthermore, Plaintiff does not explain how these actions would violate the Fair Housing Act if they had occurred.

Although the standard of review for *pro se* litigants is liberal, it requires more than bare assertions of legal conclusions. *Iqbal*, 556 U.S. at 678; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir.1996). The Complaint must give the Defendant "fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Lillard*, 76 F.3d at 726. Plaintiff must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is "plausible on its face" when the Plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the Defendant is liable for the cause of action alleged. *Id*. This standard does not require the Plaintiff to demonstrate that the Defendant is probably liable for the action, but "it asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id.* Here, Defendant's refusal to accept consistently late rent payments in favor of evicting a tenant is not, by itself, a violation of federal law. Plaintiff does not plead facts to suggest how the Defendant violated any of the federal statutes or orders he lists in his pleading.

Plaintiff also asserts a violation of Ohio Revised Code § 5321.02. This claim arises under state law, not federal law. Federal supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also

8

be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claim.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). In light of the foregoing decision, the Case Management Conference scheduled for October 10, 2012 at 1:00 P.M. is cancelled. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

    */s/Dan Aaron Polster 10/4/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

9